**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **MARCIA A. WOLF, et al.** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **Case No. 4:13CV212** |
| | § | |
| **BANK OF AMERICA, N.A., et al.** | § | |
| | § | |
| **Defendants** | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint

(Dkt. 50).[1]  Having reviewed the record herein, the motion to dismiss is GRANTED and Plaintiffs'

claims are dismissed for failure to state a claim.

*Pro Se* Plaintiffs Marcia A. Wolf and Richard B. Wolf filed suit in this Court on April 10,

2013.  Plaintiffs' Amended Complaint names Bank of America, N.A., Marvin Blankenship, Kinnie

King, Jimmy Widdle and Phil Gonzalez as Defendants.  *See* Dkt. 48.  Although no specific causes

of action are enumerated, Plaintiffs challenge Defendants' handling of their mortgage loan

modification for the property located at 2309 Ravenhurst Dr., Plano, Texas.  Plaintiffs further argue

that their mortgage loan was illegally securitized in violation of RICO, 18 U.S.C. §1962; that the

denial of a loan modification constituted an act of discrimination under the Fair Housing Act, 42

---

[1]Defendants have also filed a motion for summary judgment, *see* Dkt. 78.  Because the
Court finds that no claims have been stated, it need not determine whether any genuine issue of
material fact exists.

1

U.S.C. §3601; and that Defendants' actions were fraudulent. According to Plaintiffs, the securitization of their loan separated the "wet ink" Promissory Note from the Deed of Trust and made the Deed of Trust a nullity such that any collection on the loan was unlawful, Defendants are unable to modify or collect on the loan or to enforce foreclosure, and Bank of America is not the true and beneficial holder of the Note. Plaintiffs argue that the Note was never recorded in Collin County records, that clear title was not maintained, and that such is a breach of contract. Plaintiffs ask the Court to find the existing homestead lien and Deed of Trust "unenforceable" and "moot" and seek an award of actual, statutory and punitive damages.

In their motion to dismiss, Defendants argue that: (1) Plaintiffs have failed to state a claim for relief under the Fair Housing Act; (2) Plaintiffs have failed to state a claim for relief under RICO and Plaintiffs' RICO claim is barred by the statute of limitations; (3) Plaintiffs have failed to state a claim of fraud; (4) Plaintiffs have failed to state a claim for breach of contract; (5) Plaintiffs have failed to state a claim for relief under the National Mortgage Settlement Consent Judgment entered into by Bank of America in a separate case filed in the D.C. District Court; and (6) Plaintiffs have failed to show damages cause by any conduct of Defendants. *See* Dkt. 50.

Plaintiffs have filed a response in opposition, as well as several supplemental responses following hearings before the Court regarding the inspection of the original Note. *See* Dkts. 60, 119 & 127. The motion is now ripe for resolution.

STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P.

12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

**ANALYSIS**

**Fraud**

The Court first turns to Plaintiffs' claims of fraud which permeate their pleadings here. To assert a claim of fraud under Texas law, a plaintiff must allege that (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Plaintiffs' pleadings fail to state any fraud by Defendants with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.") (citing *United States ex rel. Riley v. St. Luke's Episcopal Hospital,* 355 F.3d 370, 381 (5th Cir. 2004) (citing 2 James W. Moore, et al., Moore's Federal Practice § 9.03[1][b] at 9-18 through 9-19 (3d ed. 2003))).

Many of Plaintiffs' allegations of fraud appear to contest Defendants' counsel's conduct after Plaintiffs filed suit. Even if taken as true, such allegations cannot form the basis of Plaintiffs' claims here. And the Court notes that, although some deference is given to *pro se* litigants and although advocates are permitted to state their positions persuasively, Plaintiffs' repeated allegation that Defendants have served a "Whopper with Extra Sleaze" is unwarranted and impertinent, does not advance their fraud claims, and is ordered stricken from the record under Federal Rule of Procedure 12(f). *See, e.g.*, Dkt. 60 at 3, 8 & 10.

Further, Plaintiffs' arguments regarding the "wet ink" copy of the Promissory Note and the differences in the endorsements on two copies of the Promissory Note cannot form the basis of any claim. As noted by the Fifth Circuit:

> Texas recognizes typed or stamped signatures—and presumably also scanned signatures—so long as they are rendered by or at the direction of the signer, and the Reinagels do not allege that Bly's signature was scanned onto the document without his authorization. Moreover, acknowledgments are valid as long as they are made in the presence of the notary and meet certain other formalities the Reinagels do not challenge here; there is no requirement that the affiant affix his signature in wet ink.

*Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 227 (5th Cir. 2013).

The Court has provided Plaintiffs the opportunity to inspect all available copies of the Note. Plaintiffs have not argued that they did not sign mortgage documents as to the Property, and Plaintiffs have not stated any facts to show how the different versions of the endorsement page have any bearing on Plaintiffs' claims or the Court's analysis here. Any difference in the placement of the endorsements has no bearing on whether Plaintiffs were entitled to a refinance or modification of their loan or Defendant's authority to foreclose if Plaintiffs failed to pay. *See, e.g.,Haase v.*

*Countrywide Home Loans*, Inc. 748 F.3d 624, 631 (5th Cir. 2014) (affirming grant of summary

judgment for lender seeking to foreclose where district court found that two copies of the note

differed only in respect to the endorsements and where plaintiff-borrowers offered no evidence that

the notes were changed in any other way); *Rust v. Bank of America, N.A.*, 2014 WL 2726841, 1 (5th

Cir. 2014) (affirming grant of summary judgment for lender despite existence of two notes with

differing endorsements).

Although Plaintiffs allege that "Defendants [sic] 'alleged' Copy of the Promissory Note

DOES NOT MATCH AND PASS EYE TEST compared to Plaintiffs [sic] 'true and correct' Copy

of the Promissory Note kept from the original Closing documents," Dkt. 48 at 9 (emphasis in

original), "foreclosure statutes simply do not require possession or production of the original note."

*Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 253 (5th Cir. 2013). Further, contrary to

Plaintiffs' allegations here, there is no legal authority that would show that the securitization of debt

renders the Note and accompanying Deed of Trust unenforceable such that Plaintiffs' obligations

to pay under it would be discharged. *Warren v. Bank of America, N.A.*, 2012 WL 3020075, 6 (N.D.

Tex. 2012), *aff'd*, 566 Fed. App'x 379, 383 (5th Cir. 2014).

Indeed, arguments like Plaintiffs' arguments that the "Promissory Note separated from the

Deed of Trust," Dkt. 48 at 9, and that Bank of America is "not the TRUE and BENEFICIAL

HOLDER in due course to the existing Homestead Lien of October 17, 2007" by virtue of the

securitization, Dkt. 48 at 11, have been consistently rejected in this Circuit. *Martins*, 722 F. 3d at

255 ("The split-the-note' theory is therefore inapplicable under Texas law where the foreclosing

party is a mortgage servicer and the mortgage has been properly assigned."); *Sigaran v. U.S. Bank*

*Nat. Ass'n*, 2014 WL 1688345, 3 (5th Cir. 2014) ("U.S. Bank 'need not hold the note in order to exercise its authority to foreclose.'"); *Casterline v. OneWest Bank, F.S.B.,* 537 Fed. App'x 314, 317 (5th Cir. 2013) ("MERS had the authority to transfer the Security Instrument together with the power to foreclose to another party, including OneWest.")*; Wigginton v. Bank of New York Mellon*, 488 Fed. App'x 868, 870 (5th Cir. 2012) (affirming dismissal of breach of contract and other claims that Texas law rejects split-the-note theory); *Hall v. BAC Home Loans Serv., L.P.*, 2013 WL 5515144, 3 (5th Cir. 2013) (the plaintiff's "characterization of Texas law is incorrect—it simply was not necessary for BAC to possess the note to foreclose."); *Epstein v. U.S. Bank Nat. Ass'n*, 2013 WL 5340766, 3 (5th Cir. 2013).

Plaintiffs' fraud claims, challenges to the wet ink note, claims of securitization and note-splitting, arguments about the holder of their Note, and allegations regarding promises made during the refinancing process are dismissed for failure to state a claim.

**Breach of Contract**

Plaintiffs also allege that the failure to record the securitization in the Collin County deed records was a breach of the existing Homestead Lien and Deed of Trust. Dkt. 48 at 11. In order to establish a breach of contract claim, a plaintiff must plead facts showing: (1) the existence of a valid contract; (2) performance or tender of performance by the plaintiff; (3) breach by defendants; and (4) damages resulting from the breach. *Cadillac Bar West End Real Estate v. Landry's Restaurants, Inc.,* 2013 WL 1721954, 2 (Tex. App. – Dallas 2013, no pet.) (citing *Petras v. Criswell*, 248 S.W.3d 471, 477 (Tex. App. – Dallas 2008, no pet.). Further, in order to properly plead a claim based on breach of the contract, a plaintiff must point to a specific provision in the contract that was breached

by Defendants. *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *1 (N.D. Tex. 2011) (citing *Case Corp. Inc. v. Hi-Class Bus. Sys. of Am.*, 184 S.W.3d 760, 769 – 70 (Tex. App. – Dallas 2005, pet. denied)) (dismissing breach of contract claim for failure to state a claim where "plaintiff points to no specific provision in the Deed of Trust that was breached by defendant").

Plaintiffs do not identify what provision of the Deed of Trust or Note were breached by the securitization or purported lack of recording of it, nor have Plaintiffs stated how they were damaged by these actions. Indeed, the only actual damages they seek, in addition to their court costs, appear to be the monthly mortgage payments charged to them since 2007 – payments the contract they rely on obligates them to pay. Moreover, the Court has found above that no claims have been stated as to the securitization of the loan and it cannot form the basis of a breach of contract claim here.

Plaintiffs' allegations regarding their attempted loan modification also do not state any viable contract claim. Plaintiffs claim that they "were [a]pproved and found eligible for a refinance of [their] home equity loan" but were later prevented from a refinance because of the fair market value given to the Property. Dkt. 48 at 7. Plaintiffs allege that, although they were denied modification because their payments were found to be affordable, their "home equity loan request should be modified per [Bank of America's] program guidelines." Dkt. 48 at 8.

Any unilateral or bilateral contract modifying the underlying Note and Deed of Trust was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2) and (b) (2009) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law).

Plaintiffs have not alleged that there was a written modification here, and Plaintiffs have not stated

any facts regarding any promise to sign a modification agreement such that promissory estoppel

would save his claims. *Martins*, 722 F.3d at 256 ("Martins alleges only an oral agreement, not a

promise on the part of BAC or its agents to sign an agreement validating the oral agreement that

would satisfy the statute of frauds."); *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 726 (5th

Cir. 2013); *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 Fed. App'x 394, 398 (5th Cir.

2013); *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. App'x 326, 329 (5th Cir. 2013). In fact, Plaintiffs

complain that a modification was not offered as they believe it should have been. Such does not

state a breach of contract claim.

Plaintiffs also appear to argue that the National Mortgage Settlement Consent Judgment

entered into by Bank of America in a separate lawsuit obligated Defendants to modify their loan.

The Court agrees with Defendants that Plaintiffs have not shown how they have standing to make

any claims under a consent judgment entered in a case to which they were not a party. No contract

claim can be based on that.

Finally, the Court notes that, although they seek an award here finding that they are absolved

from their remaining debt, Plaintiffs have alleged no facts that would show that they fully paid off

their mortgage loan. As to any foreclosure efforts by Defendants (it is unclear from Plaintiffs'

amended complaint whether Defendants have taken any such actions), Plaintiffs have alleged no

facts that would show that they have been current on their mortgage payments such that a properly

noticed foreclosure would not be a remedy available to Defendants. *See, e.g. Water Dynamics, Ltd.*

*v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) ("a party in default cannot assert

a claim for breach against the other party").

That Plaintiffs are dissatisfied with the mathematical formulas or underwriting criteria used by Defendants in addressing Plaintiffs' request to modify their loan agreement does not absolve them from payments under the original agreement nor does it state any viable claim. Simply stated, no facts are alleged here – and no authority exists in this Circuit – that Defendants were ever obligated to modify Plaintiffs' loan, under Plaintiffs' terms or otherwise.

**RICO**

Plaintiffs also argue that, because of the securitization of the loan, any collection on it constituted a violation of RICO. Dkt. 48 at 6. The Court agrees with Defendants that no RICO claim has been stated.

A plaintiff bringing a claim under the RICO statute, 18 U.S.C. § 1961, *et seq*., must allege and show at least the three following elements: (1) a person who engages in (2) a pattern of racketeering activity, and (3) connected to the acquisition, establishment, conduct, or control of an enterprise. 18 U.S.C. § 1962; *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009). A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. *Id.* An enterprise under RICO is a group of persons or entities associating together for the common purpose of engaging in a course of conduct, and an enterprise may be a legal entity or any union or group of individuals associated in fact. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003) (citing 18 U.S.C. § 1961(4)).

A plaintiff alleging an association-in-fact enterprise must adduce evidence demonstrating "'an ongoing organization, formal or informal, and ... evidence that the various associates function as a continuing unit.'" *Atkinson v. Anadarko Bank & Trust Co.,* 808 F.2d 438, 439-40 (5th Cir. 1987) (quoting *Turkette,* 452 U.S. at 583, 101 S. Ct. at 2528). The enterprise is not a pattern of racketeering activity, but must exist separate and apart from the pattern of racketeering activity in which it engages. *Whelan*, 319 F.3d at 229 (citing 18 U.S.C. § 1961(4)).

Plaintiffs' complaint fails to show how they have standing to assert such allegations and, more importantly, fails to allege any specific facts as to their claims that would show an enterprise of individuals associated in fact with Defendants. And, for the reasons stated above, Plaintiffs' challenges to the securitization of the Note and wet ink copy of the Note fail. Therefore, Plaintiffs' RICO claims are dismissed. *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp.2d 673 (S.D. Tex. 2014) (mortgagors failed to allege facts sufficient to state RICO claim where mortgagors did not make any factual allegations beyond their conclusory allegations of forgery and lack of authority to assign mortgage), *aff'd,* 2014 WL 4416304 (5th Cir. 2014).[2]

**Fair Housing Act**

Finally, the Court addresses Plaintiffs' claims under the Fair Housing Act. Plaintiffs have alleged that Bank of America admitted to "Discriminatory Financing" and that Defendants' denial of their loan modification was "made in 'interference with someone exercising a fair housing right'

---

[2]Because no RICO claim has been stated, the Court need not reach whether Plaintiffs' RICO claim is barred by the statute of limitations and whether any facts are alleged that would toll such limitations.

and prohibited under Exhibit R:[3] Fair Housing Act (42 USC 3601)." Dkt. 48 at 8. Plaintiffs further

claim that a "fair evaluation was not made and determined by the Underwriter and Bank of America,

N.A." and that the "[a]ctions made by the Defendants in the unfair [d]enial and [d]iscrimination

against the Plaintiffs created an extreme case of [s]tress for the Plaintiffs." Dkt. 48 at 8.

Under the Fair Housing Act, it is unlawful to discriminate in the sale or rental of a dwelling

or in residential real estate-related transactions because of race, color, religion, sex, handicap,

familial status or national origin. 42 U.S.C. §§ 3604, 3605. The FHA defines "handicap" as "(1)

a physical or mental impairment which substantially limits one or more of such person's major life

activities, (2) a record of having such an impairment, or (3) being regarded as having such an

impairment." 42 U.S.C. § 3602(h); 24 C.F.R. § 100.201. "Violation of the FHA may be established

either by proof of discriminatory intent or a significant discriminatory effect." *McZeal v. Ocwen*

*Financial Corp.*, 2001 WL 422375, 1 (5th Cir. 2001).

The Court finds that Plaintiffs' complaint does not go beyond mere "labels and conclusions"

in pleading their claim of discrimination. *Twombly*, 550 U.S. at 555. Although Plaintiffs reference

"those with Parkinson's disease" in their complaint and although Plaintiffs have identified Plaintiff

Marcia Wolf as "Disabled" in the style of their pleadings, Dkt. 48 at 1 and 8, Plaintiffs have stated

insufficient facts to state any handicap and state no facts that their loan was not modified "***because***

***of*** race, color, religion, sex, handicap, familial status or national origin." 42 U.S.C. §§ 3604, 3605(a)

(emphasis added). Plaintiffs have not stated any policies procedures or practices of Defendants that

---

[3]Exhibit R to Plaintiffs' amended complaint is a computer printout discussing the Fair Housing Act. *See* Dkt. 48-20.

have a significantly greater discriminatory impact on those with disabilities; nor have Plaintiffs stated

that their loan modification was denied because of Plaintiff's disability. That Defendants refused

to modify the loan to a disabled person is not enough.

In short, Plaintiffs' subjective belief that Defendant discriminated against them on the basis

of disability, without specific facts of disability as a motivation, is insufficient to maintain a claim

of discrimination. *Reece v. Countrywide Home Loans Inc.*, 2008 WL 4559809, 3 (N.D. Tex. 2008)

("a subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief").

Plaintiffs' claims under the Fair Housing Act are dismissed. *See McZeal v. Ocwen Financial Corp.*,

2001 WL 422375, 1 (5th Cir. 2001) (affirming district court's dismissal of borrower's challenge of

foreclosure action based in part on FHA claim where no discriminatory intent or discriminatory

effect).[4]

### CONCLUSION

Taking into consideration that Plaintiffs in this case are *pro se*, the Court has reviewed the

record to see if *any* facts have been stated to "raise a right to relief above the speculative level" and

into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5. They do not. While the

Court must give deference to *pro se* parties and hold their pleadings to less stringent standard,

"regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must

---

[4]Further, the dates of any alleged discrimination are not clear. The Court also agrees with Defendants that any FHA claims based on an April 2009 refinance would also be barred by the statute of limitations. *See* 42 U.S.C. 3613(a)((1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than **2 years** after the occurrence or the termination of an alleged discriminatory housing practice….") (emphasis added).

13

show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal." *Coleman v. Bank of New York Mellon*, 2013 WL 4761111, 7 (N.D. Tex. 2013). Contrary to Plaintiffs' argument that Defendants have failed to offer proof to support their position, there is no evidentiary burden placed on Defendants at the Rule 12(b)(6) phase. Instead, the burden is *on Plaintiffs* to state a claim upon which relief can be granted.

Plaintiffs here have stated no facts that would give rise to any cognizable claims recognized by this Circuit. The Court is bound by precedent, and Plaintiffs' claims are dismissed with prejudice for failure to state a claim.

**SO ORDERED.**

**SIGNED this 30th day of September, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE